IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. BENGE, | Case No. 1:10-cv-00215 JLT (PC) |
| Plaintiff, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 1) |
| LES WEILDMAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes. (Doc. 7.) Now pending before the Court is Plaintiff's complaint filed February 1, 2010. (Doc. 1.)

**I.   SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.  THE COMPLAINT**

Plaintiff identifies the following as defendants to this action: (1) Sheriff Les Weildman; (2) Sheriff Adam Christianson; and (3) Chief Medical Officer Cantrall. (Doc. 1, Compl., at 2.) Plaintiff alleges as follows. On February 23, 2005, Plaintiff was arrested and received at the Stanislaus County Jail. (Id. at 3.) At his medical screening, medical staff discontinued Plaintiff's prescriptions for high

2

1  blood pressure, gout, and acid reflux disease.  (Id. at 3-4.)  No medication was prescribed in lieu of the
2  discontinued prescriptions.  (Id. at 4.)  As a result, Plaintiff began to suffer severe acid reflux, gout, and
3  headaches.  (Id.)  Plaintiff asked medical staff to reinstate his prescriptions, but the medical staff stated
4  that the medications Plaintiff requested were too expensive.  (Id.)  Instead, Plaintiff was provided with
5  Tums, and eventually Tagamet, but both were ineffective at relieving Plaintiff's symptoms.  (Id.)  A jail
6  physician ultimately told Plaintiff to buy Polaid from the commissary.  (Id.)

7       Due to his severe acid reflux, Plaintiff was afraid to eat and began losing weight at an alarming
8  rate.  (Id.)  As a result of the weight loss, Plaintiff's dentures no longer fitted.  (Id.)  Plaintiff complained
9  to the medical staff that he needed new dentures and a special diet.  (Id.)  However, Plaintiff's requests
10 were refused.  (Id.)  In response, Plaintiff contacted his private physician who had performed gastric
11 bypass surgery on Plaintiff prior to Plaintiff's arrest.  (Id. at 5.)  The physician wrote a letter to the jail's
12 medical staff explaining that Plaintiff needed new dentures to eat.  (Id.)  Despite the letter and Plaintiff's
13 daily complaints, physicians at Stanislaus County Jail refused to provide Plaintiff dentures or reinstate
14 Plaintiff's prescribed medications.  (Id.)

15       While Plaintiff was detained at the Stanislaus County Jail, he underwent neck surgery.  (Id.)  The
16 medication that was subsequently prescribed caused Plaintiff pain and induced a drug-like trance.  (Id.)
17 Although the medication was supposed to be administered three to four times a day, that was often not
18 the case.  (Id.)  Plaintiff frequently had to "chase down" medical staff to obtain his medication.  (Id.)
19 When Plaintiff complained about the situation, medical staff responded that the jail was short-staffed
20 and could not always provide inmates with their medication.  (Id.)

21       On July 28, 2009, Plaintiff was transferred to a prison facility in Tracy, California.  (Id.)  There,
22 Plaintiff was examined by a physician.  (Id.)  The physician informed Plaintiff that the discontinuation
23 of his prescriptions caused an increase in his blood pressure, gout, and acid reflux.  (Id. at 6.)  Plaintiff
24 was also informed that he had suffered kidney damage and ruptured blood vessels in his eye as a result
25 of the lack of medication.  (Id.)

26       Based on the foregoing allegations, Plaintiff appears to claim that Defendants failed to provide
27 him with adequate medical care in violation of the Fourteenth Amendment.  In terms of relief, Plaintiff
28 seeks monetary damages and injunctive relief.

## III.   DISCUSSION

### A.   Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001). Inmates are therefore required to exhaust all available administrative remedies *prior* to filing suit. See Jones v. Bock, 549 U.S. 199, 211 (2007).

In order to properly exhaust administrative remedies, an inmate must comply with the facility's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates an avenue to "appeal and have resolved grievances relating to any conditions of confinement," including complaints regarding medical care. Cal. Code Regs, tit. 15 § 1073(a). Here, Plaintiff admits that he did not file a grievance regarding the facts alleged in the complaint. (Doc. 1 at 2.) It appears that Plaintiff may believe that exhaustion is "N/A" because, "This complaint is not against the Department of Corrections, but against the county." (Id.) If this statement means that Plaintiff believes that exhaustion is not required because he is no longer in the custody of Defendants, he is incorrect. For over four years, Plaintiff was convinced that he was being denied needed prescriptions and could have then filed a grievance regarding these matters. On the other hand, Plaintiff may mean only that he did not file a grievance at his current location of incarceration.

Because the pleading is somewhat ambiguous, the Court does not take any action on this topic at this time. However, from the face of the pleading, it appears that Plaintiff did not avail himself of the grievance process while in the county jail. If this interpretation is correct, Plaintiff's claims are subject to dismissal.[1]

---

[1] Generally, a plaintiff is not required to plead exhaustion in their complaint. Jones v. Bock, 549 U.S. 199, 216. However, where Plaintiff concedes nonexhaustion–such as indicating on the face of his complaint that he has not exhausted his administrative remedies– the Court may sua sponte dismiss the complaint for failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (concession to nonexhaustion is a valid ground for dismissal). United States v. Del

4

### B.   Inadequate Medical Care

The complaint does not indicate whether Plaintiff was confined at Stanislaus County Jail as a pretrial detainee or a post-conviction prisoner. If Plaintiff was confined as a pretrial detainee, his right to adequate medical care is protected by the Fourteenth Amendment, whereas his rights are protected by the Eighth Amendment if Plaintiff was confined as a post-conviction prisoner. See Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."). In any event, with respect to medical care, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes." Gibson, 290 F.3d at 1187. Therefore, in analyzing Plaintiff's claims the Court looks to the standards provided by the Eighth Amendment.

To state a claim for the violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show: (1) an objectively serious medical need; and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a person has a serious need for medical treatment. McGuckin, 974 F.2d at 1059-60 (citations omitted).

A prison official acts with deliberate indifference if he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096. Deliberate indifference may be shown when a prison official denies,

---

Toro-Alejandre, 489 F.3d 721, 723 (5th Cir. 2007)(holding that Jones "recognized that the usual PLRA practice would permit a district court to dismiss sua sponte an inmate's complaint for failure to exhaust in the rare instance where the prisoner's failure to exhaust appeared on the face of his complaint.")

delays, or otherwise intentionally interferes with medical treatment. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A difference in opinion between a physician and his patient over the best course of treatment is also insufficient to demonstrate deliberate indifference. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff sufficiently alleges that he suffered from serious medical conditions. Plaintiff alleges that he had severe acid reflux, gout, headaches, and high blood pressure. Plaintiff also alleges that he was in need of new dentures and could not eat otherwise. Plaintiff, however, fails to link the actions of any of the defendants with the alleged deprivations of medical care. For instance, there is no indication that Defendant Les Weildman was aware of or personally involved in denying Plaintiff his prescription medications. Rather, it appears that Plaintiff simply seeks to impose blanket liability on Defendants based solely upon their supervisory position. This is insufficient to demonstrate deliberate indifference and, as a general matter, is insufficient to state a cognizable claim under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

    **C.**    **Leave to Amend**

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order, to the extent possible. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Moreover, Plaintiff is advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint must therefore be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."

1  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

**IV.   CONCLUSION**

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is **DISMISSED**;
2. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. Plaintiff is cautioned that failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **April 28, 2011**                                        /s/ Jennifer L. Thurston
                                                                               UNITED STATES MAGISTRATE JUDGE

7