IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY M. BENGE,<br><br>    Plaintiff,<br><br>    v.<br><br>LES WEILDMAN, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-00215-JLT (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Jerry M. Benge ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his First Amended Complaint on July 5, 2011, asserting claims against the following individuals at Stanislaus County Jail: Sheriff Les Weildman (Weildman), Sheriff Adam Christianson (Christianson), and Chief Medical Officer Cantrall (Cantrall) (collectively, "Defendants"). (Doc. 13).

**I. Screening Requirement**

The Court is required to screen any complaint filed by a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity" in order to identify any "cognizable claim." 28 U.S.C. § 1915A(a)-(b). The Court should dismiss the case if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or if the prisoner is "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28

U.S.C. § 1915(e)(2)(B). A Court should dismiss a claim as frivolous only "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them" and not simply because the Court may believe the "plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). When determining whether a claim is malicious, the Court will analyze whether it was made in good faith. *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915).

## II. Pleading Requirements

The Federal Rules of Civil Procedure outline the general requirements of pleading a complaint. A complaint is required to have a "short and plain statement" that outlines the grounds for jurisdiction in that court as well as "showing that the pleader is entitled to relief; and a demand for the relief sought." Fed. R. Civ. P. 8(a). *Pro se* complaints are generally held to "less stringent standards" than complaints drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must afford fair notice to the defendant as well as state the elements of the claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The complaint must give the defendant fair notice of the claims that are being brought against him/her as well as the grounds for bringing them. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Allegations that are conclusory and vague do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Supreme Court further clarified that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S.Ct. at 1949.  A Court is required to assume as true in the light most favorable to the plaintiff, any well-pled factual allegations, when determining if the plaintiff is entitled to relief.  *Id.*  However, this tenet is "inapplicable to legal conclusions."  *Id.*  If a complaint fails to state a recognizable claim, the Court has the discretion to grant leave to amend the complaint in order to amend the deficiencies in the factual allegations.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.  § 1983 Claims

Section 1983 of title 42 of the United States Code does not confer substantive rights; but instead provides "a method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  In order to state a claim pursuant to § 1983, a plaintiff must allege facts that support that (1) he was deprived of a right afforded to him by federal law, and (2) the deprivation was committed by someone acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).  A plaintiff is required to allege a specific injury suffered and show a causal relationship between the defendant's conduct and the injury suffered by the plaintiff.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made").  Section 1983 does not recognize respondeat superior liability.  *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Accordingly, a supervisor will not be held liable merely because a subordinate violated the plaintiff's constitutional.  *Id.*  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

1    Lastly, similar to any other complaint, conclusory allegations that lack supporting facts are
2 insufficient to state a claim under § 1983. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).
3 **IV.   Discussion & Analysis**
4    Plaintiff alleges prior to his incarceration that he had been diagnosed with several medical
5 conditions. (Doc. 13 at 3). First, he claims he was diagnosed with high blood pressure and had been
6 prescribed the medicine Atenolol to treat it. (Doc. 13 at 3). Second, Plaintiff states that he had
7 undergone gastric bypass surgery which resulted in a prescription for Prevacid to treat his acid reflux
8 disease ("ARD"). *Id.* Lastly, Plaintiff alleges he was diagnosed with gout and had been prescribed
9 medication to address this condition. *Id.*

10    Plaintiff was incarcerated at Stanislaus County Jail ("SCJ") on February 23, 2005. *Id.*
11 Plaintiff claims at that time his medication was discontinued without a substitute medication being
12 prescribed at that time. *Id.* at 4. Plaintiff alleges he repeatedly requested his original medication but
13 was informed by doctors that it was too expensive. *Id.* Plaintiff reportedly received other
14 medications which were ineffective. *Id.* This ultimately resulted in aggravation of his gout,
15 increased high blood pressure, as well as damage to his kidneys and left eye. *Id.* at 4-6. Plaintiff was
16 told by a doctor that his high blood pressure from lack of medication contributed to both the damage
17 in his kidney and his eye. *Id.* at 6-7. Plaintiff also alleges that one of the medicines prescribed to
18 him for his gout, Allopurinol, was administered in too high of a dosage which can cause kidney
19 damage. *Id.* at 6.

20    Plaintiff alleges that he did not receive other necessary medical treatment. He claims he did
21 not receive replacement dentures to allow hin to  chew his food or a special diet to address his ADR,
22 even after his physician who performed the gastric bypass surgery, Dr. Parvez, wrote a letter to
23 facility medical staff stating that Plaintiff needed the dentures, diet change and the original
24 medication prescribed. *Id.* at 4-5. Furthermore, Plaintiff alleges he underwent neck surgery while at
25 SCJ and was supposed to receive pain medication three to four times a day but never did. *Id.* at 5.
26 Plaintiff claims he had to "chase down" medical personnel and was told medications were not being
27 administered because of a lack of necessary staff. *Id.* at 5.
28 ///

4

Thus, Plaintiff's complaint presents a claim based on Defendants' deliberate indifference to a serious medical need. *Id.* at 5-9. Plaintiff claims the failure to provide adequate medical care and subsequent injuries he sustained amounts to a violation of his constitutional rights. *Id.* at 7.

### A.  Status of Plaintiff

It is unclear from the amended complaint whether Plaintiff was a pretrial detainee or a convicted prisoner serving a sentence while in SCJ. If Plaintiff was a pretrial detainee his right to adequate medical care is derived from the Fourteenth Amendment, whereas if he was a convicted prisoner then his rights are protected under the Eighth Amendment. *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derived from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"). However, as to adequate medical care, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes." *Id.* Therefore, the Court will analyze the claims of the Plaintiff using the standards outlined by the Eighth Amendment.

### B.  Eighth Amendment Protection

The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976), *quoting Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1976). The Eighth Amendment does not require that a prison be a comfortable place, but does require prison officials to maintain that conditions be humane. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This imposes a duty to provide minimally adequate medical care. *Estelle*, 429 U.S. at 103-04. To properly allege a claim based on a failure to administer adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Eighth Amendment claims have both an objective and subjective component to them. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A prisoner is required to allege that (1) he objectively has a "serious medical need" and (2) that the defendant subjectively responded with "deliberate indifference" to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

### 1. Serious medical need

A prisoner has a serious medical need if the failure to treat his condition "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059, quoting *Estelle*, 429 U.S. at 104. Examples of a serious medical need would be any injury that a reasonable doctor or patient would find important or worth treatment, any condition that significantly affect's a person's daily activities, or anything causing substantial or chronic pain. *Id.* at 1059-60, citing *Wood v. Housewright,* 900 F.2d 1332, 1337-41 (9th Cir. 1990).

Here, Plaintiff alleges that he had been diagnosed with high blood pressure, gout, and ARD. (Doc. 13 at 3). He also claims he needed new dentures and a special diet to control his ARD, as well as pain medication following a neck surgery. *Id.* at 4-5. Each of these conditions would be worthy of comment by a reasonable doctor. Therefore, Plaintiff has properly alleged that he had a serious medical need.

### 2. Deliberate indifference

If a prisoner has established that he had a serious medical need, he must also plead sufficient facts that establish that prison officials acted with "deliberate indifference" to his medical need. *Farmer*, 511 U.S. at 834. The Supreme Court has stated,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Therefore, to incur liability under § 1983, a defendant must be "subjectively aware that serious harm is likely to result from a failure to provide medical care." *Gibson*, 290 F.3d at 1193 (emphasis omitted).

The deliberate indifference standard is less stringently applied in cases raising claims of inadequate medical care because "the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns." *Holliday v. Naku*, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009), citing *McGuckin*, 974 F.2d at 1060. However, this does not mean that mere negligence or medical malpractice is sufficient to support a claim under § 1983 just because the plaintiff is a prisoner. *Estelle*, 429 U.S. at 105-06. Instead, "A defendant must

purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060.

Here, Plaintiff alleges that Defendants were deliberately indifferent to his medical needs. (Doc. 13 at 7). However, Plaintiff fails to allege any facts that would establish that any of Defendants had specific knowledge that not giving him his requested medication, dentures, or special diet would likely result in serious harm to Plaintiff.

Instead, Plaintiff was provided medication that he believes was inadequate or in a dosage that he feels was too high. However, a difference of opinion between the inmate and medical personnel regarding treatment does not amount to deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *see also Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Estelle*, 429 U.S. at 107. On the other hand, even though Plaintiff alleges that his private doctor reported to prison officials that he needed the dentures, special diet and specific medications, these allegations are insufficient to state a claim. *Chavez v. Yates*, 2011 U.S. Dist. LEXIS 35411 at *10 (E.D. Cal. Apr. 1, 2011) ("Neither Plaintiff's difference of opinion with medical staff, *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981), nor a disagreement between medical professionals over treatment, is sufficient to support a claim under section 1983, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).") In addition, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *accord Hood v. Prisoner Health Services, Inc.*, 180 F. App'x 21, 25 (10th Cir. 2006) ("Although plaintiff may not care for the treatment decisions made by prison staff, his disagreement with the medical care provided is insufficient to state a cognizable constitutional claim for seeking relief under § 1983."). Instead, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson*, 90 F.3d at 332 (internal citations omitted).

Furthermore, Plaintiff has failed to allege that any of Defendants had any specific causal connection or were personally involved in depriving him of medical treatment. Therefore, Plaintiff has failed to state a cognizable claim for inadequate medical care against Defendants.

### V.  Conclusion and Recommendation

Plaintiff he has failed to state a cognizable claim under § 1983 against Defendants. However, the Court will provide him with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) (pro se litigants bringing a suit *in forma pauperis* are entitled to an opportunity to amend a complaint unless it is clear the deficiencies could not be cured by amendment).  If Plaintiff chooses to amend his complaint, in compliance with Fed. R. Civ. P. 8(a), it must concisely describe the action taken by each named defendant that he claims deprived him of a constitutional or federal right. *Iqbal*, 129 S.Ct. at 1948-49; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Factual allegations will be accepted as true, but "must be [sufficient] to raise a right to relief above the speculative level" and establish plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted).

Plaintiff is advised that an amended complaint supercedes any prior complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Pursuant to Local Rule 220, an amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Plaintiff is advised that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing *London v. Coopers & Lybrand*, 644 F2d 811, 814 (9th Cir. 1981); accord. *Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within 20 days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and
2. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:  **August 10, 2011**                              /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE