1

2

3

4

5

6

7

8                        **IN THE UNITED STATES DISTRICT COURT**

9                      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JERRY M. BENGE,                          )   Case No.: 1:10-cv-00215-JLT (PC)
                                              )
12                     Plaintiff,             )   ORDER DISMISSING COMPLAINT
                                              )   WITHOUT LEAVE TO AMEND
13          v.                                )
                                              )
14                                            )
                                              )
15   LES WEILDMAN, et al.,                    )
                                              )
16                     Defendants.            )
     _____ )

17

18          Plaintiff Jerry M. Benge ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

19   in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his Second Amended Complaint

20   ("SAC") on August 30, 2011 which asserted a claim against the Chief Medical Officer at the Stanislaus

21   County Jail ("SCJ"), Dr. Cantrall (Cantrall).  (Doc. 15).

22   **I.   Screening Requirement**

23          The Court is required to screen any complaint filed by a prisoner seeking "redress from a

24   governmental entity or officer or employee of a governmental entity" in order to identify any "cognizable

25   claim."  28 U.S.C. § 1915A(a)-(b).  The Court should dismiss the case if it is "frivolous, malicious, or

26   fails to state a claim upon which relief may be granted" or if the prisoner is "seek[ing] monetary relief

27   from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

28   A Court should dismiss a claim as frivolous only "when the facts alleged rise to the level of the irrational

1   or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them"

2   and not simply because the Court may believe the "plaintiff's allegations unlikely."  Denton v.

3   Hernandez, 504 U.S. 25, 32-33 (1992).  When determining whether a claim is malicious, the Court will

4   analyze whether it was made in good faith.  Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46

5   (1915).

6   **II.  Pleading Requirements**

7        The Federal Rules of Civil Procedure outline the general requirements of pleading a complaint.

8   A complaint is required to have a "short and plain statement" that outlines the grounds for jurisdiction

9   in that court as well as "showing that the pleader is entitled to relief; and a demand for the relief sought."

10   Fed. R. Civ. P. 8(a).  *Pro se* complaints are generally held to "less stringent standards" than complaints

11   drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

12        A complaint must afford fair notice to the defendant as well as state the elements of the claim

13   in a plain and succinct manner.  Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.

14   1984).  The complaint is supposed to give the defendant fair notice of the claims that are being brought

15   against him/her as well as the grounds for bringing them.  Swierkiewicz v. Sorema N.A., 534 U.S. 506,

16   512 (2002).  The Supreme Court noted,

17        Rule 8 does not require detailed factual allegations, but it demands more than an
         unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers
18        labels and conclusions or a formulaic recitation of the elements of a cause of action will
         not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further
19        factual enhancement.

20   Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

21   Allegations that are conclusory and vague do not support a cause of action.  Ivey v. Board of Regents,

22   673 F.2d 266, 268 (9th Cir. 1982).  The Supreme Court further clarified that,

23        [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim
         to relief that is plausible on its face." [Citation] A claim has facial plausibility when the
24        plaintiff pleads factual content that allows the court to draw the reasonable inference that
         the defendant is liable for the misconduct alleged. [Citation] The plausibility standard is
25        not akin to a "probability requirement," but it asks for more than a sheer possibility that
         a defendant has acted unlawfully. [Citation] Where a complaint pleads facts that are
26        "merely consistent with" a defendant's liability, it "stops short of the line between
         possibility and plausibility of 'entitlement to relief.'
27
28   Iqbal, 129 S.Ct. at 1949.  A Court is required to assume as true in the light most favorable to the

2

plaintiff, any well-pled factual allegations, when determining if the plaintiff is entitled to relief.Id. However, this tenet is "inapplicable to legal conclusions." Id. If a complaint fails to state a recognizable claim, the Court has the discretion to grant leave to amend the complaint in order to amend the deficiencies in the factual allegations. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## III.   Title 42 U.S.C. § 1983.

Section 1983 of title 42 of the United States Code does not confer substantive rights; it provides "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994). Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

In order to state a claim pursuant to § 1983, a plaintiff must allege facts that support the following: (1) he was deprived of a right afforded to him by federal law, and (2) the deprivation was committed by someone acting under color of state law. West v. Atkins, 487 U.S. 42, 48-49 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). Additionally, a plaintiff is required to allege a specific injury suffered, as well as show a causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See* Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made."). Section 1983 does not recognize respondeat superior liability. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). Accordingly, the supervisor of someone who violated a plaintiff's constitutional rights is not automatically liable to that plaintiff just because of their supervisory position. Id. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

1   Lastly, similar to any other complaint, conclusory allegations that lack supporting facts are

2   insufficient to state a claim under § 1983.  Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

3   **IV.   The Allegations of Plaintiff's Second Amended Complaint**

4   Plaintiff alleges that prior to his arrest and incarceration at SCJ he was taking prescription

5   medications for high blood pressure, acid reflux disease (ARD), and gout.  (Doc. 15 at 3).  He alleges

6   that these medications were prescribed to him by Dr. Parvez, a physician who had performed Plaintiff's

7   gastric bypass surgery some time before his incarceration at SCJ. Id.

8   After Plaintiff was incarcerated at SCJ on February 23, 2005, he underwent a medical screening.

9   Id.  at 4.  At the time, he was informed by SCJ's medical staff that the medications he took prior to his

10  arrest and incarceration would not be continued because SCJ did not maintain those medications and

11  the medications were too expensive.  Id.  Although medical staff offered Plaintiff antacids and Tagamet

12  to address his ARD, Plaintiff found the substitute medications to be ineffective.  Id.  Plaintiff alleges that

13  the failure to provide him with the prescription medications he was taking prior to his arrest aggravated

14  his gout and ARD and caused damage to his kidneys and left eye.  Id. at 4-6.

15  Plaintiff alleges he was afraid to eat without the prescribed medication for his ARD and therefore

16  lost weight.  He further alleges that as a result of his weight loss, his dentures no longer fit him.  Plaintiff

17  states that Dr. Parvez, wrote a letter to the SCJ medical staff to explain Plaintiff's need for dentures, a

18  special diet, and the original medication, but no actions were taken by medical staff in response to the

19  letter.  Id. at 4-5.

20  Plaintiff also alleges he underwent neck surgery while at SCJ.  He alleges he did not consistently

21  receive the medication he was prescribed after surgery due to staffing issues.  Id. at 5.  According to

22  Plaintiff, correctional staff had to "chase down" medical personnel on several occasions in order to

23  compel the medical staff to see him.  Id. at 5.

24  Plaintiff's SAC argues that the medical staff at SCJ was deliberately indifferent to his medical

25  needs.  Id. at 2, 7-10.  Plaintiff claims the failure to provide adequate medical care caused him

26  subsequent injuries and amounted to a violation of his constitutional rights.  Id. at 7.  Plaintiff requests

27  monetary compensation in the amount of $10 million dollars or $40,000.00 per year for 30 years.

28  **V.   Discussion**

4

A. Plaintiff's Status

While Plaintiff has cited to various cases involving pre-trial detainees, the SAC does not clearly indicate whether Plaintiff was confined at SCJ as a pretrial detainee or a post-conviction prisoner. If Plaintiff was a pre-trial detainee his right to adequate medical care is derived from the Fourteenth Amendment, whereas if he was a convicted prisoner then his rights are protected under the Eighth Amendment. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derived from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"). For claims regarding medical care, like the one Plaintiff raises here, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes." Id. Thus, the Court analyzes Plaintiff's claims under the standards provided by the Eighth Amendment.

B. Eighth Amendment Standards for Deliberate Indifference to Medical Needs

The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976), quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1976). The Eighth Amendment does not require that a prison be a comfortable place, but does require prison officials to maintain humane conditions. Farmer v. Brennan, 511 U.S. 825, 832 (1994). This imposes a duty to provide adequate medical care to anyone incarcerated. Estelle, 429 U.S. at 103-04. To properly allege a claim based on a failure to administer adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. Eighth Amendment claims have both an objective and subjective component to them. Wilson v. Seiter, 501 U.S. 294, 298 (1991). A prisoner is required to allege (1) he objectively has a "serious medical need" and (2) that the defendant subjectively responded with "deliberate indifference" to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

///

1. Serious medical need

A prisoner has a serious medical need if failure to treat a condition of his "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059,

(quoting Estelle, 429 U.S. at 104). Examples of a serious medical need would be any injury that a reasonable doctor or patient would find important or worth treatment, any condition that significantly affects a person's daily activities, or anything causing substantial or chronic pain. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41) (9th Cir. 1990).

Here, Plaintiff alleges that he had been diagnosed with and had been taking medication for high blood pressure, gout, and ARD prior to his incarceration at SCJ. (Doc. 15 at 3). He claims that the ARD continued to affect him while at SCJ and that antacids and other offered medications did not alleviate his symptoms. Id. at 4. Additionally, he claims he needed new dentures and a special diet to address his ARD, as well as high blood pressure medication, and consistent pain medication following his neck surgery. Id. at 4-5. Given the medical issues described by Plaintiff and his description of how his symptoms affected his daily activities, these conditions appear to be ones that reasonable doctors and patients take to be important and worthy of treatment. Thus, Plaintiff has successfully met the objective component of an Eighth Amendment claim for failure to administer adequate medical care.

### 2.   Deliberate indifference

In order to meet the subjective component of an Eighth Amendment claim for failure to administer adequate medical care, Plaintiff must also allege sufficient facts to show that the defendant subjectively responded with "deliberate indifference" to his need for medical care. McGuckin, 974 F.2d at 1059. Deliberate indifference to a serious medical need is a level of mental culpability that falls between negligence and purposefully or knowingly and "is the equivalent of recklessly disregarding that risk." Farmer, 511 U.S. at 836. The Supreme Court has stated,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837. Therefore, in order to impose liability under § 1983 a defendant must be "subjectively aware that serious harm is likely to result from a failure to provide medical care." Gibson, 290 F.3d at 1193 (emphasis omitted). Additionally, to establish an Eighth Amendment claim for deliberate indifference regarding a medical need, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton

1   v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980), citing Estelle, 429 U.S. at 105–06.

2          When deliberate indifference applies to adequate medical care, it is a "less stringent" requirement

3   than in other Eighth Amendment claims due to the fact that "the responsibility to provide inmates with

4   medical care does not generally conflict with competing penological concerns." Holliday v. Naku, 2009

5   U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009) (citing McGuckin, 974 F.2d at 1060).  This

6   does not mean that mere negligence or medical malpractice is sufficient to support a claim under § 1983

7   just because the plaintiff is a prisoner.  Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has

8   been negligent in diagnosing or treating a medical condition does not state a valid claim of medical

9   mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional

10  violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County

11  of Kern, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate

12  indifference to serious medical needs. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).

13         Here, Plaintiff names Cantrall as the only defendant.  (Doc. 15 at 2).  Plaintiff fails to allege any

14  facts that would establish Cantrall had specific knowledge that not giving him his requested medication,

15  replacement dentures, or special diet would likely result in serious harm to Plaintiff.  (Id. at 3-6).

16  Although Dr. Parvez' letter to SCJ provided his reasons for Plaintiff's prior prescriptions, "a difference

17  of opinion between doctors as to the need to pursue one course of treatment over another is insufficient,

18  as a matter of law, to establish deliberate indifference." Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th

19  Cir. 2004).   Similarly, "[a] difference of opinion between a prisoner-patient and prison medical

20  authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337,

21  1344 (9th Cir. 1981).  Additionally, Plaintiff has failed to allege that Cantrall had any specific causal

22  connection to or was personally involved in depriving him of his prior prescriptions, dentures, or pain

23  medications.

24         Since Plaintiff has not provided sufficient factual material for the Court to draw the inference

25  that Plaintiff's Eighth Amendment claims are "plausible" on their face and that there is more than a

26  "sheer possibility" that Defendants acted unlawfully, the Court concludes that Plaintiff fails to state a

27  cognizable Eighth Amendment claim against Cantrall, individually, or as a supervisor.  Iqbal, 129 S.Ct.

28  at 1949.

1    C.    No Leave to Amend

2        Plaintiff will not be afforded further leave to amend.  In its previous screening orders, the Court

3    explained to Plaintiff the deficiencies in his pleadings.  Specifically, the Court explained to Plaintiff that

4    his Eighth Amendment claims failed because there were insufficient facts to demonstrate that the

5    defendants caused the alleged constitutional deprivation.  (*See* Doc 11 at 6 and Doc 14 at 7.)  Despite

6    this direction, Plaintiff has failed to amend his pleadings in a meaningful way.  Notably, here, once again

7    Plaintiff fails to allege *any* facts that Defendant took *any* action that he claims caused his injuries.

8    Accordingly, the Court will dismiss Plaintiff's second amended complaint without leave to amend and

9    will dismiss this action with prejudice.  *See* Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)

10   (dismissal with prejudice upheld where the court had instructed plaintiff on the deficiencies of his

11   pleadings in its prior order dismissing complaint with leave to amend).

12   **VI.  Conclusion**

13       Although Plaintiff successfully established that he has a serious medical need, he has failed to

14   allege facts to establish that Cantrall acted with deliberate indifference to his medical need.  Therefore,

15   Plaintiff has failed to state a cognizable claim under § 1983.

16       Based on the foregoing, it is **HEREBY ORDERED** that:

17       1.    Plaintiff's Second Amended Complaint is **DISMISSED** Without Leave to Amend.

18   IT IS SO ORDERED.

19   Dated:   **February 16, 2012**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28

8